# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7257 | **DATE** | 7/28/2004 |
| **CASE TITLE** | American Equine Insurance Group vs. National Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting National Union's motion for summary judgment. Judgment is therefore entered in favor of National Union Fire Insurance Company of Pittsburgh and against American Equine Insurance Group and John Hart. The counter claim is dismissed as moot. Any pending motion in this case is terminated as moot and all schedules including pretrial conference set for 9/10/04 and trial set for 10/4/04 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN EQUINE INSURANCE GROUP, )
INC., a Delaware corporation, )
and **JOHN HART**, individually, )
)
Plaintiffs, )
)
v. ) No. 03 C 7257
)
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, PA., a )
Pennsylvania corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs American Equine Insurance Corp. ("American") and John Hart allege that defendants National Union Fire Insurance Co. ("National Union") and AIG Technical Services, Inc. ("AIG")[1] have a duty to defend plaintiffs in an ongoing arbitration with another insurance company. In June 1998, Diamond State Insurance Company ("Diamond") and American entered into a Insurance Underwriting and Claims Management Agreement ("1998 Agreement"), stating that American would act as Diamond's claims manager for claims submitted under Diamond's animal mortality policies. In August 1999, Diamond issued an equine mortality policy ("1999 Policy") to Clem and Dia Abram for the period starting August 31, 1999 and ending August 31, 2000. The policy provided life insurance in the amount of $24,000

---

[1] AIG has since been dismissed as a party.

for the Abrams' horse, Ocean Pacific. On November 5, 1999, Ocean Pacific died, and the Abrams filed a claim with Diamond under the 1999 Policy. Pursuant to the 1998 Agreement, American undertook the management of the Abrams' claim. On September 15, 2000, the Abrams filed suit against Diamond for not promptly administering their claim. American, though not named as a defendant by the Abrams, also handled the litigation on behalf of Diamond.

In 2001, American applied to National Union for an insurance agents and brokers professional liability policy ("2001 Policy"). In its application, American disclosed the pending lawsuit by the Abrams against Diamond, and stated that even a successful effort by the Abrams would not result in costs to American or National Union. On November 13, 2001, National Union issued the 2001 Policy to American for the period starting November 1, 2001 and ending November 1, 2002. The 2001 Policy included a number of exclusions, including one ("Exclusion O") that stated that National Union would provide no coverage for

> any claim arising out of any litigation pending and/or prior to November 1, 2001 or any fact, circumstance or situation alleged in such litigation, and furthermore, this policy does not apply to any future claim arising out of any of the foregoing.

In November 2001, Diamond became more involved with the pending Abrams litigation. On January 4, 2002, at a court-ordered settlement conference, Diamond agreed to settle the Abrams' claims for $1 millon. Diamond then demanded indemnification from

American, pursuant to the 1998 Agreement. Arbitration between American and Diamond began on April 23, 2002 and is currently pending. In July 2002, American demanded coverage from National Union for any amount it might be forced to pay as a result of the arbitration with Diamond, pursuant to the 2001 Policy. National Union refused. American then filed suit seeking a declaratory judgment that National Union is obligated to defend and indemnify American in its arbitration with Diamond. National Union moves for summary judgment, and I GRANT that motion.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Interpretation of an insurance contract is a matter of law. *Nat'l Wrecking Co. v. St. Paul Surplus Lines Ins. Co.*, 11 F.3d 685, 687 (7th Cir. 1993). While Illinois law requires that ambiguities be resolved against the insurer, *id.*, clear and unambiguous contract terms should be applied as written. *United States Fire Ins. Co. v. Schnackenberg*, 429 N.E.2d 1203, 1205 (Ill. 1981). A "court should not search for an ambiguity where there is none." *Id.*

National Union argues that the clear and unambiguous language of Exclusion O applies to American's claim, denying coverage because of the Abrams' lawsuit, which was pending at the time of American's application. While American does not dispute that the language of Exclusion O is clear and unambiguous, it does dispute the application of that exclusion to its claim. Exclusion O provides that coverage will be denied for "any claim arising out of any litigation pending and/or prior to November 1, 2001 or any fact, circumstance or situation alleged in such litigation." National Union states that the arbitration between American and Diamond, and therefore American's claim, arises out of the Abrams' lawsuit. American argues that the claim instead arises out of American's contractual duties to Diamond, as spelled out in the 1998 Agreement.

American's claim is precisely the type of claim Exclusion O was intended to prevent. For a claim to arise out of another claim or from a fact, circumstance, or situation, the claim must originate or come into being from that claim, fact, circumstance, or situation. BLACK'S LAW DICTIONARY 108 (6th ed. 1991). If not for the lawsuit and subsequent settlement between Diamond and the Abrams, American's claim would not exist.

American argues that while the Abrams' claim and settlement provides the background or context for the arbitration, the arbitration and resulting claim with National Union result solely

4

from American's contractual duties to Diamond. Those duties would not have been called into question, however, but for the Abrams' claim, and the resolution of the adequacy of American's response relies heavily on the facts of that claim. *See, e.g., Comm. Found. for Jewish Educ. v. Fed. Ins. Co.*, No. 98-C7680, 2000 WL 520924, at *6 (N.D. Ill. 2000). I grant National Union's motion for summary judgment.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: July 28, 2004